IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-cv-00121 |
| | § | |
| ROY HOLLIS, in his | § | |
| official capacity as the Chief | § | |
| Executive Officer of HOUSTON | § | |
| BEHAVIORAL HEALTHCARE | § | |
| HOSPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas complains of Defendant Roy Hollis, in his official capacity as the Chief Executive Officer of Houston Behavioral Healthcare Hospital, LLC.

## I.      PRELIMINARY STATEMENT

1.      Defendant Roy Hollis is preventing Plaintiff Disability Rights Texas ("DRTx") from investigating a complaint of abuse of a person with mental illness while he was involuntarily confined at Houston Behavioral Healthcare Hospital, LLC ("Houston Behavioral"). Where DRTx has a federal mandate to investigate abuse and neglect of persons with disabilities, Defendant's actions violate federal law.

2.      DRTx as Texas's designated Protection and Advocacy ("P&A") System, is entitled to have access to the facility and records of Houston Behavioral for the purposes of providing information, training, and monitoring compliance with respect to the rights and safety of patients, and to investigate incidents of abuse or neglect of patients. As part of this access, DRTx explicitly

1

has access to all records of persons with disabilities when certain conditions are met, specifically including copies of video surveillance.

3.        DRTx has made repeated requests to Defendant to obtain video tape records necessary for its investigation in accordance with its federal mandates. The Defendant continues to deny DRTx full, complete, meaningful, and timely access to requested video tape records in violation of the Protection and Advocacy for Mentally Ill Individuals ("PAMII") Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights ("PADD") Act, 42 U.S.C. § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights ("PAIR") Act, 29 U.S.C. § 794e. These three laws are hereinafter collectively referred to as the "P&A Acts."

4.        DRTx seeks declaratory and permanent injunctive relief to prevent the Defendant from continuing to thwart DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. §§ 2201-02, 42 U.S.C. § 10805(a)(1), 42 U.S.C. § 15043(a)(2), and 29 U.S.C. § 794e(f)(2)..

## II.        JURISDICTION

5.        This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 to redress Defendant's violation of the P&A Acts 42 U.S.C § 10801, *et seq.*; 42 U.S.C. § 15001, *et. seq.*; and 29 U.S.C. § 794e, and pursuant to 28 U.S.C. §§ 2201-02.

6.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions complained of herein occurred in this district.

## III.        PARTIES

7.        Plaintiff DRTx is a nonprofit Texas corporation mandated by Congress to protect and advocate for the civil rights of persons with disabilities. 42 U.S.C. §§ 15001-03; 42 U.S.C. §§

10802-03; and 29 U.S.C. § 794e(f)(2). DRTx is designated by the State of Texas to perform this Congressional mandate pursuant to the PADD Act, 42 U.S.C. §§ 15042-43; the PAIMI Act, 42 U.S.C. §§ 10803-05; and the PAIR Act, 29 U.S.C. § 794e.

8.      DRTx spends considerable time and resources monitoring; investigating conditions of abuse and neglect; and advocating for the rights of people receiving services and/or residing at facilities providing mental health care and treatment, including entities providing services, supports, and other assistance to individuals with disabilities. DRTx's main office is located at 2222 West Braker Lane, Austin, Texas 78758.

9.      Defendant Roy Hollis is and was at all times during the actions described by this suit the Chief Executive Officer and registered agent of Houston Behavioral Healthcare Hospital, LLC. Defendant Hollis, by law and contract, is responsible for the implementation of the policies, procedures, practices, and customs at Houston Behavioral, as well as ensuring that Houston Behavioral complies with federal and state laws. Defendant is also responsible for the acts and omissions challenged by this suit. Defendant Roy Hollis may be served with process at Houston Behavioral Healthcare Hospital, LLC, 2801 Gessner Road, Houston, Texas 77080.

10.     Wherever Plaintiff uses the word "Defendant" in this petition it means Defendant, his agents, employees, successors, and all persons acting in concert with him or at his direction.

## IV.    FACTS

11.     Because many persons with disabilities living in private and public institutions suffer from abuse and neglect and are often unlikely to report abuses committed by the people who have daily control over their lives, Congress mandated that each state have a P&A System. Congress designed these P&As to have independent access to such institutions in order to detect, prevent, and investigate such abuse and neglect. Because the State of Texas receives federal funds

under the P&A Acts, it is required to designate a system to protect and advocate for the rights of individuals with disabilities, including investigating incidents of abuse and neglect of individuals with disabilities. *See e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* The State of Texas has designated DRTx as its P&A System.

12.    The P&A Acts require Houston Behavioral, as a facility providing services to individuals with disabilities including mental illness, to allow DRTx to have reasonable unaccompanied access to facilities to: (1) monitor compliance with respect to the rights and safety Houston Behavioral patients; (2) provide information and training to Houston Behavioral patients; and (3) investigate allegations of abuse and neglect of Houston Behavioral patients, which includes interviewing patients and staff. *See* 42 U.S.C. § 10805(a)(3); 42 C.F.R. § 51.42(b)-(d); 42 U.S.C. § 15043(a)(2)(H); 45 C.F.R. § 1326.27(b)-(d). Reasonable unaccompanied access means access to areas used by and accessible to individuals with disabilities at reasonable times, which at a minimum includes normal working hours and visiting hours. 42 C.F.R. § 51.42(b)-(d); 45 C.F.R. § 1326.27(b)-(d).

13.    The P&A Acts also authorize DRTx to access records of programs serving people with disabilities including the confidential records of people with disabilities. *See* 42 U.S.C. §§ 10805(a)(4), 10806; 42 C.F.R. § 51.41(a)-(c); 42 U.S.C. § 15043(a)(2)(I)-(J), (c); 45 C.F.R. § 1326.25(a)-(c). This access specifically includes but is not limited to video tape records "obtained in the course of providing intake, assessment, evaluation, supportive and other services…;" "records…prepared or maintained by the facility in connection with…reports [of abuse, neglect, or injury occurring at the facility];" and "[s]upporting information that was relied upon…including all information and records used or reviewed in preparing reports of abuse, neglect, or injury…." 42 C.F.R. § 51.41(c)(1)-(2); *see also* 45 C.F.R. § 1326.25(b)(1)-(2) (same).

14.     Houston Behavioral is a for-profit company operating in the State of Texas and, specifically, in Harris County, Texas.  Houston Behavioral has a locked adult psychiatric inpatient program that provides treatment and stabilization for acute psychiatric conditions called the Psychiatric Intensive Care Unit ("PICU").  This is the unit G.S. was detained on during his commitment on or around August 10, 2021.

15.     On or around August 17, 2021, DRTx received a complaint that while G.S. was detained on Houston Behavioral's PICU, he was abused when he was improperly and unnecessarily medicated against his will.

16.     On August 19, 2021, in furtherance of its investigation and pursuant to its Protection and Advocacy authority and a signed release from G.S. authorizing DRTx to access his records, DRTx requested all of G.S.'s records during his detention at Houston Behavioral, including records from Houston Behavioral's PICU.

17.     On August 26, 2021, Defendant produced all of the records requested and did not redact or refuse to provide any records claiming G.S. was receiving substance abuse services.

18.     On September 8, 2021, in furtherance of its investigation and pursuant to its Protection and Advocacy authority and a signed release from G.S., DRTx submitted an additional written request via email to Defendant's Director of Performance Improvement and Risk Management ("PI/RM") for silent video tape records for three specific dates regarding the allegations of abuse of G.S.

19.     On September 15, 2021, Defendant's Director of PI/RM responded via email stating that, due to their retention policy, video from only one of the three dates was still available and had been preserved.

20.     On September 16, 2021, DRTx replied requesting a copy of the video records still available. Defendant's Director of PI/RM denied DRTx's request for a copy of the video records, citing 42 C.F.R. Part 2 ("Part 2") and G.S.'s lack of initials authorizing DRTx to receive his drug, alcohol, or substance abuse records as the reason Defendant was unwilling to provide the video records. DRTx responded requesting clarification and a written statement confirming that Defendant would not be providing the video records and the reasons for denying the request pursuant to 42 C.F.R. § 51.43.

21.     On September 17, 2021, DRTx received a letter from Wortham LLP via Defendant's Director of PI/RM stating that Houston Behavioral was denying DRTx's access to the video records because it is a Part 2 Program and Part 2 restricts the facility's disclosing substance use disorder patient records.

22.     On November 18, 2021, DRTx sent a letter via email to Defendant's Director of PI/Risk Management, containing case law and guidance from the U.S. Health and Human Services Substance Abuse and Mental Health Services Administration, explaining that Part 2 does not apply to the requested records because G.S. was in the PICU—a psychiatric services unit—receiving mental health services and the video does not have sound making it impossible to identify anyone as a person with a substance use disorder in the requested video. Additionally, DRTx noted that the records already provided by Defendant to DRTx did not identify G.S. as someone with a substance use disorder so Part 2 would not apply to any of his records. DRTx again requested Defendant provide the requested video records by the end of business day December 3, 2021 so that DRTx could fulfill its federal mandate to investigate abuse of G.S.

23.     On December 17, 2021, Defendant provided a written response, again refusing to provide the requested video and again wrongly relying on Part 2.

24.     Despite Plaintiff DRTx's statutory right to obtain video tape records, Defendant is barring DRTx from obtaining a copy of the requested video tape record. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

25.     Under the above-described circumstances, Defendant has acted in his official capacity to create and maintain a system that impedes the Congressionally-mandated functions and duties of DRTx at Houston Behavioral. While Plaintiff DRTx has no obligations to exhaust administrative or other remedies in this case, it has spent considerable time giving Defendant reasonable opportunity to learn of DRTx's role and authority and to allow DRTx the full, complete, meaningful, and timely access to Houston Behavioral video tape records that is afforded by federal law. Unfortunately, Defendant has continued to deny DRTx the access to which it is entitled.

## V.     CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

26.     DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 25 above.

27.     DRTx, as Texas's designated P&A System, has the authority to access records, including video tape records, of programs serving people with disabilities and the confidential records of people with disabilities. *See* 42 U.S.C. §§ 10805(a)(4), 10806; 42 C.F.R. § 51.41(a)-(c); 42 U.S.C. § 15043(a)(2)(I)-(J), (c); 45 C.F.R. § 1326.25(a)-(c).

28.     Defendant's failure to permit DRTx full, complete, meaningful, and timely access to Houston Behavioral's silent video tape records of G.S. being medicated against his will violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e.

29.     DRTx has no adequate remedy at law and will be irreparably harmed if the Defendant is permitted to continue to deny it access to Houston Behavioral video records.

## VI.     DECLARATORY RELIEF

30.     Plaintiff DRTx restates and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 29 above.

31.     Plaintiff DRTx requests that, after notice and hearing, this Court enter a declaratory judgment that Defendant's policies, procedures, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to requested records violated and continues to violate the P&A Acts.

## VII.     INJUNCTIVE RELIEF

32.     DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 31 above.

33.     The policies, procedures, regulations, practices, and customs of Defendant violated and continue to violate the rights of DRTx under the P&A Acts to full, complete, meaningful, and timely access to Houston Behavioral video tape records. These policies, procedures, regulations, and practices will continue to violate DRTx's right to access Houston Behavioral video tape records in the future unless Defendant is permanently enjoined.

34.     Plaintiff DRTx requests that the Court enter a permanent injunction enjoining Defendant from continuing to deny full, complete, meaningful, and timely access to Plaintiff DRTx to Houston Behavioral video tape records.

## PRAYER

WHEREFORE, Plaintiff Disability Rights Texas respectfully prays that this Court:

(a)     Issue a declaratory judgment that Defendant's policies, procedures, regulations, and practices of denying DRTx access to Houston Behavioral video tape records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq*.; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq*.; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e;

(b)     Grant permanent injunctive relief that enjoins Defendant, his agents, and employees from denying DRTx access to the requested video tape records of G.S., as well as any future silent video tape records of individuals receiving treatment in Houston Behavioral's locked adult psychiatric inpatient program;

(c)     Award such other and further relief, at law or equity, to which Plaintiff DRTx is justly entitled.

Respectfully submitted,

BETH L. MITCHELL
Attorney in Charge
State Bar No. 00784613
Southern District of Texas Bar No. 29054
bmitchell@drtx.org
LISA SNEAD
State Bar No. 24062204
lsnead@drtx.org
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816 (Austin Office)
(512) 454-3999 (Austin Fax)

COURTNEY LUTHER
State Bar No. 24101063
Southern District of Texas Bar No. 3723392
cluther@drtx.org

9

DISABILITY RIGHTS TEXAS
1500 McGowen St., Suite 100
Houston, Texas 77004
(713) 974-7691 (Houston Office)
(713) 974-7695 (Houston Fax)

ATTORNEYS FOR PLAINTIFF