IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ROY HOLLIS, in his | § | CIVIL ACTION NO. 4:22-cv-00121 |
| Official capacity as the Chief | § | |
| Executive Officer of HOUSTON | § | |
| BEHAVIORAL HEALTHCARE | § | |
| HOSPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ROY HOLLIS'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Roy Hollis, in his official capacity as the Chief Executive Officer of Houston Behavioral Healthcare Hospital, LLC ("Defendant"), by his attorneys, and files this answer to Plaintiff Disability Rights Texas's Original Complaint ("Complaint").

**I.   PRELIMINARY STATEMENT**

1.   With respect to Paragraph 1 of the Complaint, Defendant denies the allegations contained therein as Defendant stands ready to disclose the Video (defined below) to Plaintiff pursuant to additional patient authorization or a Court Order that permits Defendant to comply with its legal obligations under HIPAA and 42 C.F.R. Part Two ("Part 2"). Plaintiff demands that Defendant disclose to Plaintiff surveillance video footage (the "Video") that Plaintiff alleges is necessary to investigate alleged abuse of their client ("DRTx Client") at Houston Behavioral. The Video depicts facial images of DRTx Client and other Houston Behavioral patients receiving care in the Houston Behavioral facility. Defendant denies that his actions, or the actions of Houston

1

Behavioral Healthcare Hospital, LLC ("Houston Behavioral"), have violated federal law in any manner, and states that Houston Behavioral has repeatedly requested that Plaintiff obtain additional patient authorization or a Court Order to permit Houston Behavioral to disclose the Video in compliance with Houston Behavioral's obligations under federal law, specifically: (a) the Health Information Technology for Economic and Clinical Health Act of 2009 and the Administrative Simplification Provisions of the Health Insurance Portability and Accountability Act of 1996, as codified at 42 U.S.C.A. §1320d et seq. and any current and future regulations promulgated thereunder (collectively, "HIPAA") to maintain the privacy and security of protected health information (PHI), including PHI depicted in the Video; and/or (b) in compliance with Houston Behavioral's obligations under 42 C.F.R. Part Two to preserve the confidentiality of substance use disorder (SUD) records.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

3. With respect to Paragraph 3 of the Complaint, Defendant admits that Plaintiff has requested that Houston Behavioral disclose the Video. Defendant denies all other allegations contained therein. Again, Defendant stands ready to disclose the Video to Plaintiff pursuant to additional patient authorizations or a Court Order that permits Defendant to comply with its legal obligations under HIPAA and 42 C.F.R. Part 2.

4. With respect to Paragraph 4 of the Complaint, Defendant denies the allegations contained therein, including that Plaintiff is entitled to relief under the "P&A Acts" as defined in the Complaint.

## II. JURISDICTION

## III. PARTIES

5.  With respect to Paragraph 5 of the Complaint, Defendant admits that this Court has jurisdiction over this matter under the statutes identified, but denies that Plaintiff is entitled to any relief thereunder.

6.  With respect to Paragraph 6 of the Complaint, Defendant admits that venue is proper in this Court, but denies that Plaintiff is entitled to any relief by virtue of its claims.

## IV.   PARTIES

7.  With respect to Paragraph 7 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein. To the extent a response is required, Defendant denies the remaining allegations contained therein.

8.  With respect to Paragraph 8 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein. To the extent a response is required, Defendant denies the allegations contained therein.

9.  With respect to Paragraph 9 of the Complaint, Defendant admits that he is and was during the time period described in the Complaint the Chief Executive Officer and registered agent of Houston Behavioral and that he may be served with process at Houston Behavioral Healthcare Hospital, LLC, 2801 Gessner Road, Houston, Texas 77080. Defendant denies the remaining allegations contained therein.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## V.   FACTS

11. With respect to Paragraph 11 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein. To the extent a response is required, Defendant denies the allegations contained therein.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

14. With respect to Paragraph 14, Defendant admits the allegations contained therein.

15. With respect to Paragraph 15 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein. To the extent a response is required, Defendant denies the allegations contained therein.

16. With respect to Paragraph 16 of the Complaint, Defendant admits that on August 19, 2021, Plaintiff requested all of DRTx Client's Houston Behavioral records and submitted to Defendant an Authorization To Release Confidential Information allegedly signed by DRTx Client, but is without sufficient information to admit or deny the remaining allegations contained therein. To the extent a further response is required, Defendant denies the remaining allegations contained therein.

17. With respect to Paragraph 17 of the Complaint, Defendant admits that the records requested were provide, but is without sufficient information to admit or deny the remaining allegations contained therein. To the extent a further response is required, Defendant denies the remaining allegations contained therein.

18. With respect to Paragraph 18 of the Complaint, Defendant admits that on September 8, 2021, Plaintiff submitted a request for video surveillance footage from three separate dates along with an Authorization To Release Confidential Information allegedly signed by DRTx Client, but is without sufficient information to admit or deny the remaining allegations contained

therein, including those which state legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained therein.

19. With respect to Paragraph 19 of the Complaint, Defendant admits the allegations contained therein.

20. With respect to Paragraph 20 of the Complaint, Defendant admits the allegations contained therein.

21. With respect to Paragraph 21 of the Complaint, Defendant admits that Houston Behavioral sent DRTx a letter from its counsel explaining that Part 2 restricts its ability to disclose substance use disorder patient records, and Defendant denies the remaining allegations contained therein, including that Houston Behavioral denied DRTx access to the Video. All along, Houston Behavioral has been ready and willing to disclose the Video to Plaintiff pursuant to additional patient authorization or a Court Order that protects patient confidentiality as required for compliance with its legal obligations under appliable laws, including HIPAA and Part 2.

22. With respect to Paragraph 22 of the Complaint, Defendant admits that Houston Behavioral received a letter from Plaintiff on November 18, 2021 arguing that the Video is not subject to the confidentiality protections of Part 2. The remainder of the second sentence and the third sentence of Paragraph 22 contain legal conclusions to which no response is required. Defendant denies the remaining allegations contained therein.

23. With respect to Paragraph 23 of the Complaint, Defendant admits that Houston Behavioral, by and through its attorneys, delivered a written response to Plaintiff dated December 17, 2021, that conditioned disclosure of the Video to Plaintiff upon receiving additional patient authorization or a Court Order authorizing Defendant to disclose the Video in compliance with Defendant's legal obligations under applicable laws, including HIPAA and Part 2. The

remainder of the Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained therein.

24. With respect to Paragraph 24 of the Complaint, Defendant makes no response with respect to Plaintiff's legal conclusions contained therein as no response is required. Defendant denies that it is barring Plaintiff from obtaining a copy of the Video and instead stands ready to disclose the Video pursuant to additional patient authorization or a Court Order authorizing Defendant to disclose the Video in compliance with Defendant's legal obligations under applicable laws, including HIPAA and Part 2.

25. With respect to Paragraph 25 of the Complaint, Defendant makes no response with respect to Plaintiff's legal conclusions contained therein as no response is required. Defendant denies that it is barring Plaintiff from obtaining a copy of the Video and instead stands ready to disclose the Video pursuant to additional patient authorization or a Court Order authorizing Defendant to disclose the Video in compliance with Defendant's legal obligations under applicable laws, including HIPAA and Part 2.

## VI. CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant incorporates its prior responses to Paragraphs 1 through 25 above.

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

28. With respect to Paragraph 28 of the Complaint, Defendant denies that he or Houston Behavioral has violated any law. Defendant further responds that the remainder of

Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

29. With respect to Paragraph 29 of the Complaint, Defendant denies the allegations contained therein, including that Plaintiff will be irreparably harmed if Defendant is permitted to continue to comply with Defendant's legal obligations under applicable laws, including HIPAA and Part 2 and Plaintiff is first required to obtain additional patient authorization or a Court Order authorizing Defendant to disclose the Video in compliance with Defendant's legal obligations under applicable laws, including HIPAA and Part 2.

## VII. DECLARATORY RELEIF

30. Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant incorporates its prior responses to Paragraphs 1 through 29 above.

31. Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the declaratory relief requested.

## VIII. INJUNCTIVE RELIEF

32. Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant incorporates its prior responses to Paragraphs 1 through 31 above.

33. Paragraph 33 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

34. Paragraph 34 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant that Plaintiff is entitled to the requested injunctive relief.

## IX. AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiff's claims, Defendant states as follows:

35. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

36. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and prove all conditions precedent to recovery.

37. Actions taken by Defendant were taken with a good-faith belief that the actions complied with all applicable laws.

38. Plaintiff's claims are not actionable because Defendant stands ready to disclose the Video pursuant to additional patient authorization or a Court Order authorizing Defendant to disclose the Video in compliance with Defendant's legal obligations under applicable laws, including HIPAA and Part 2

39. Any injury to Plaintiff, the existence of which Defendant specifically denies, was caused by Plaintiff over whom Defendant has no control.

40. Plaintiff's claims are barred by applicable statutes of limitations or other periods of limitation.

41. Plaintiff's claims are barred, in whole or in part, because of unclean hands as Plaintiff's demands for Defendant to Disclose the Video require Defendant to violate its legal obligations to protect and maintain patient confidentiality under applicable laws, including HIPAA and Part 2.

42. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy its duty to obtain additional patient authorization or a Court Order authorizing Defendant to disclose the Video to Plaintiff.

43. Plaintiff's claims are barred because, even if an impermissible factor had been a factor in any decision made or action taken by Defendant, which Defendant denies, Defendant would have taken the same actions in the absence of any impermissible factor.

44. Plaintiff's claims fail because Plaintiff's records access rights under the P&A Acts do not supersede or preempt Defendant's legal obligations to maintain patient privacy and confidentiality under HIPAA and Part 2.

45. Plaintiff's claims must be dismissed because any actions by Defendant were motivated by a reasonable factor other than Part 2.

46. Plaintiff's claims fail because Plaintiff suffered no cognizable injury in fact of which a violation by Defendant was the legal and proximate cause as Defendant's actions were at all times in accordance with HIPAA and Part 2.

47. Defendant is entitled to recover its reasonable attorneys' fees, experts' fees, costs, and expenses upon prevailing on any or all of the claims alleged in the Complaint, to the extent that such recovery is allowed under the law.

48. Defendant expressly denies each and every allegation in the Complaint not specifically admitted.

49. Defendant expressly reserves the right to add additional affirmative defenses as necessary and appropriate pursuant to the Federal Rules of Civil Procedure and/or any scheduling order issued by the Court.

## **CONCLUSION**

WHEREFORE, having fully answered the Complaint, Defendant requests that Plaintiff take nothing by its claims, that all costs and attorneys' fees be taxed against Plaintiff, and that Defendant recover such other and further relief, both general and special, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**HUSCH BLACKWELL, LLP**

By: /s/ Kevin Koronka
Kevin Koronka
Texas State Bar No. 24047422
Kevin.Koronka@huschblackwell.com

111 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 472-5456
(512) 479-1101 Facsimile

Logan Leal
State Bar No. 24106193
Logan.Leal@huschblackwell.com

600 Travis, Suite 2350
Houston, Texas 77002
Telephone:   (713)  525-6263
Facsimile:   (713)  647-6884

**WORTHAM LLP**

Clay B. Wortham
Seeking admission *pro hac vice*[1]
Clay.Wortham@WorthamLLP.com

150 S. Wacker Drive, Suite 2400
Chicago, Illinois  60606
(312) 216-5116

ATTORNEYS FOR DEFENDANT
ROY HOLLIS in his official capacity as the Chief Executive Officer of HOUSTON BEHAVIORAL HEATLHCARE HOSPITAL, LLC

---

[1] Mr. Wortham's motion for admission *pro hac vice* was filed simultaneously with this pleading.