IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| DISABILITY RIGHTS TEXAS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:22-CV-00121 |
| ROY HOLLIS, in his official capacity as | § |
| the Chief Executive Officer of | § |
| HOUSTON BEHAVIORAL | § |
| HEALTHCARE HOSPITAL, LLC, | § |
| | § |
| Defendant. | § |

## DEFENDANT'S MOTION TO STAY INJUNCTION PENDING APPEAL

Defendant, Roy Hollis, in his official capacity as the Chief Executive Officer of Houston Behavioral Healthcare Hospital, LLC ("**Houston Behavioral**" or "**Defendant**"), respectfully files this Motion to Stay the Court's Injunction under Federal Rule of Civil Procedure 62 and would show as follows:

### INTRODUCTION

1.  On or about March 17, 2023, this Court granted an injunction against Defendant that required Defendant to disclose the HIPAA protected health information of third parties identified in psychiatric intensive care unit video footage. Plaintiff seeks the video footage because one of the patients identified therein is Plaintiff's client. Defendant does not dispute Plaintiff's access to their client's information but asserts that Defendant's disclosure of the protected health information of third parties would violate HIPAA privacy requirements. Defendant respectfully asks this Court to stay the production of such footage pending an appeal of the matter to the Fifth Circuit.

HB: 4884-5273-8652.2

**BACKGROUND**

2.      On January 12, 2022, Plaintiff filed this underlying lawsuit against Defendant demanding production of psychiatric intensive care unit video footage for a patient known herein as "G.S." for purposes of an investigation.[1] Defendant explained that while the P&A Acts allow for production of such footage with respect to G.S., HIPAA does not permit Defendant to disclose the protected health information of third party psychiatric intensive care unit patients identified in the video with G.S..[2] The Parties filed competing Motions for Summary Judgment and ultimately, this Court granted Plaintiff's Motion for Summary Judgment in part and denied Defendant's Motion for Summary Judgment.[3] Defendant respectfully asks for this Court to stay the production of the footage pending an appeal of the matter to the Fifth Circuit.

**ARGUMENT**

I.      HIPAA DOES NOT PERMIT DEFENDANT TO DISCLOSE THE PROTECTED HEALTH INFORMATION OF THIRD PARTY PATIENTS PURSUANT TO THE P&A ACTS ACCESS RIGHTS.

3.  The Health Information Technology for Economic and Clinical Health Act of 2009 and the Administrative Simplification Provisions of the Health Insurance Portability and Accountability Act of 1996, as codified at 42 U.S.C.A. §1320d et seq. and regulations promulgated thereunder (collectively, "HIPAA") prohibits use and disclosure of protected health information (PHI) except as provided in 45 C.F.R. § 164.502.  HIPAA permits covered entities such as Defendant to disclose PHI to the extent required by other laws, including the P&A Acts.[4]

---

[1] Dkt. 13, Defendant's Answer to Plaintiff's Original Complaint.
[2] Dkt. 20, Defendant's Motion for Summary Judgment.
[3] Dkt 28-1, Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment.
[4] 45 C.F.R. § 164(a)(1)(vi); *see also* U.S. Department of Health & Human Services, Office for Civil Rights (OCR) 909-MAY A COVERED ENTITY DISCLOSE PROTECTED HEALTH INFORMATION TO A PROTECTION AND ADVOCACY SYSTEM WHERE THE DISCLOSURE IS REQUIRED BY LAW?, 909-May a covered entity

The P&A Acts authorize a P&A System such as Plaintiff to access PHI and other information only in limited circumstances.[5] The P&A Acts do not authorize a P&A System to access a third-party patient's PHI.[6] Because the P&A Acts do not authorize a P&A System to access a third-party patient's PHI, HIPAA does not permit a covered entity to disclose a third-party patient's PHI on the grounds that disclosure is "required by law."[7]

4.      HIPAA places stringent requirements on covered entities such as Defendant to restrict the use and disclosure of Protected Health Information ("PHI") of patients.[8] Protected health information" or "PHI" means individually identifiable health information that is transmitted in any form or medium.[9] Protected health information includes facial images.[10] As mentioned in Defendant's Motion for Summary Judgment, the video footage Plaintiff seeks includes facial images of third parties other than G.S., disclosure of which violates 45 C.F.R. § 164.502. Plaintiff alleges that the P&A Acts allow for disclosure of the footage, yet the P&A Acts are meant to be enforced alongside HIPAA, not to supersede it. "The HIPAA Privacy Rule provides a [f]ederal floor of privacy protections for individuals' individually identifiable health information where that information is held by a covered entity or by a business associate of the covered entity."[11]

---

disclose PHI to a Protection and Advocacy system where the disclosure is required by law | HHS.gov (last visited Apr. 17, 2023).
[5] *See* 42 C.F.R. § 51.41(b).
[6] *Id*.
[7] *See* 45 C.F.R. §§ 164(a)(1)(vi) and 164.512.
[8] *See* 45 C.F.R. § 160.102.
[9] 45 C.F. 45 C.F.R. § 160.102.
[10] *See* 45 C.F.R. § 164.514(2)(i)(Q).

[11] Office for Civil Rights (OCR) 399-DOES THE HIPAA PRIVACY RULE PREEMPT STATE LAWS HHS.GOV (2022), https://www.hhs.gov/hipaa/for-professionals/faq/399/does-hipaa-preempt-state-laws/index.html (last visited Apr 14, 2023). It is well established that HIPAA supersedes state privacy statutes unless those state statutes are more stringent than HIPAA. The issue as to whether HIPAA supersedes the P&A Acts is yet to be determined.

5. The P&A Acts are meant to act in conjunction with HIPAA to best protect individuals. Covered entity failure to comply with HIPAA can result in severe fines and punishments for the entity. In a situation as presented in this case, disclosure of material pertaining to G.S. is allowed under the P&A Acts (and as a result is permitted under HIPAA), but the disclosure of footage with third party PHI within it is a gray area that hog ties Defendant in complying with this Court's order and risking punishment under HIPAA for disclosing such information. Plaintiff alleged during the hearing that it is required to keep all documents confidential pursuant to its investigation. However, this confidentiality requirement does not provide a new ground for disclosure under HIPAA 45 C.F.R. § 164.502 that would prevent the HHS Office of Civil Rights from enforcing a punishment on Defendant for disclosure of such information. Additionally, Plaintiff mentioned in the hearing that it plans on using the same argument to obtain footage from Defendant for multiple other patients. Defendant respectfully asks this Court to stay the enforcement of such disclosure until the matter is taken up to the Fifth Circuit for consideration.

II. DEFENDANT REQUESTS THE STAY TO GIVE THE FIFTH CIRCUIT THE OPPORTUNITY TO DETERMINE THE MATTER ON APPEAL.

6. Under Rule 62, the Court considers four factors when determining whether to grant the Request Defendant seeks: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[12]

### A. Defendant Can Show it will Win on the Merits on Appeal.

7. The issue presented in this case has not been decided in the Fifth Circuit. Plaintiff alleges that the P&A Acts prevent the footage from being used against any other individuals. This argument misses the point. The concern is not that the footage will be used against any other individuals. The concern is that Defendant is a HIPAA covered entity not permitted to disclose PHI of third-party patients in the video footage because the P&A Acts do not authorize Plaintiff to access PHI of third-party patients, and such disclosure in violation of HIPAA may trigger an HHS Office of Civil Rights enforcement action under HIPAA. The mere disclosure of the footage opens Defendant to fines and punishment. Plaintiff's argument does not address this issue.

### B. Defendant will Face Irreparable Injury Without the Stay

8. As stated, Plaintiff asks of this Court is to force disclosure of the footage pertaining to G.S., knowing that it involves PHI of third parties. This argument does not include an exception for the Defendant covered entity to avoid punishment from the Office of Civil Rights. As such, Plaintiff places Defendant in a position to be forced to disclose HIPAA protected footage without also carving out an exception within HIPAA to avoid punishment and

---

[12] *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987).

fines.[13] Defendant asks for this stay to give the Fifth Circuit the opportunity to set the precedent as to whether Defendant must disclose PHI of third-party patients.

### C. The Stay Will Not Substantially Injure Plaintiff.

9. Plaintiff is still able to continue its investigation of G.S. without the footage it seeks. A stay until the Fifth Circuit makes a holding on whether Defendant must disclose PHI of third-party patients does not create a substantial injury. Defendant is willing to work with Plaintiff to come to a resolution while the stay is in place that protects the entity while still providing protection to Defendant from the Office of Civil Rights. The issue in this case is necessary for the Fifth Circuit to set precedent on and the holding can provide a benefit to Plaintiff as it pertains to the other patients it represents.

### D. Public Interest Favors a Stay

10. Whether covered entities, of which there are many, can disclose footage with third-parties' PHI without violating HIPAA is a matter of public concern. While Defendant respects and acknowledges the importance of the work Disability Rights of Texas does for individuals, the stay allows for a temporary hold on the disclosure of the sensitive material (video footage of Defendant's psychiatric intensive care unit) until a potential new precedent is carved out by the Fifth Circuit. Defendant's intent is not to unnecessarily delay or prevent Plaintiff's investigation. However, Defendant's intent is to balance both the need for Plaintiff's investigation while following the stringent requirements set by HIPAA in an arena under the P&A Acts where there is no Fifth Circuit precedent.

---

[13] Instead of attempting to work out an agreement, Plaintiff would only accept unredacted footage and a resolution was never able to be reached.

## CONCLUSION

11.     Disclosing to Plaintiff Protected Health Information of third-party patients, unrelated individuals reflected in the Video, without clear Fifth Circuit precedent, places Defendant in the untenable position of being required to disclose PHI without grounds to do so under HIPAA and potentially facing an HHS OCR fines and penalties.  As a result, Defendant asks this Court for a stay pending the appeal of the issue to the Fifth Circuit for a holding on the issue.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Stay Injunction Pending Appeal, and grant any other and further relief as this Court deems just and proper.

Respectfully submitted,

**HUSCH BLACKWELL, LLP**

By: /s/ *Sophia M. George*
Jeffery T. Nobles
Texas State Bar No. 15053050
Sophia M. George
Texas State Bar No. 24106739
Jeff.Nobles@huschblackwell.com
Sophia.George@huschblackwell.com
600 Travis Street, Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Fax: (713) 647-6884

**WORTHAM LLP**

Clay B. Wortham
Texas State Bar No. 24134324
Clay.Wortham@WorthamLLP.com
150 S. Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 216-5116

**ATTORNEYS FOR DEFENDANT ROY HOLLIS in his official capacity as the Chief Executive Officer of HOUSTON BEHAVIORAL HEATLHCARE HOSPITAL, LLC**

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion to Stay Injunction Pending Appeal has been served upon the following on this the 17th day of April 2023:

| | |
|---|---|
| Beth Mitchell<br>bmitchell@drtx.org | *Via ECF* |
| Lisa Snead<br>lsnead@drtx.org | *Via ECF* |
| Courtney Luther<br>cluther@drtx.org | *Via ECF* |

*Attorneys for Plaintiff*

By:_____
Sophia M. George

HB: 4884-5273-8652.2